Nagorny, et al. *v.* Zoning Hearing Board and Kaiserman, et al., Intervenors.

Argued November 5, 1971, before President Judge BOWMAN and Judges WILKINSON, JR., MENCER and ROGERS.

*Edward F. Muller, Jr.,* for appellants.

*Anthony R. Semeraro,* with him *Mullray, Ryan & Semeraro,* for appellee.

*Nochem S. Winnet,* with him *Fox, Rothschild, O'Brien & Frankel,* for intervenors.

OPINION BY JUDGE MENCER, January 11, 1972:

On January 13, 1970, the Springfield Township Board of Commissioners adopted Ordinance No. 837 amending the Township Zoning Map to rezone a 45.0479 acre tract of ground from Special Use District to Shopping Center District. Appellants, residents of both Springfield Township and Swarthmore Borough, after issuance of a building permit to the owner-developer, appealed from that rezoning to the Springfield Township Zoning Hearing Board (Board) under Article IX, Section 910 of the Pennsylvania Municipalities Planning Code (Code), Act of July 31, 1968, P. L. , No. 247, 53 P.S. §10910.

The principal thrust of appellants' position is that a shopping center of this magnitude will generate so much traffic that the surrounding arteries will not be able to handle same with safety, and consequently, a hazardous condition will exist which will have a sub-

stantially adverse effect upon the health, welfare and morals of the community.

At several hearings before the Board the fact issue was isolated to the traffic conditions involved in the development of the tract as a shopping center. The Board eventually filed 92 findings of fact, including a finding that the use of the property as a shopping center will not adversely affect the health, safety, morals, or general welfare of the community or the surrounding area.

Since, under Section 910 of the Code, the Board decides only contested questions of interpretation, the appeal then proceeded to the Court of Common Pleas of Delaware County where the appellants alleged "that the decision of the Zoning Hearing Board was incorrect insofar as its findings of fact and conclusions were concerned." The Court, without taking additional testimony, dismissed the appeal.

"The test to be applied by this Court when the proceeding before the court below was based entirely on the record established before the board is whether the board clearly abused its discretion or committed an error of law." *Marple Township Appeal,* 440 Pa. 508, 511, 269 A. 2d 699, 701 (1970).

This appeal has been instituted under a section of the Code meant for challenges to the *validity* of an ordinance, whereas appellants question only the Board's findings of fact and conclusions. If this is meant to be a constitutional attack on the zoning ordinance, the principles governing the disposition of such cases have been oft-repeated in our case law.

"The test of constitutionality of a zoning ordinance is whether it bears a substantial relation to the health, safety, morals or general welfare of the public: [Citing authority]. One who challenges the constitutionality of a zoning ordinance has no light burden and it is

settled that before a zoning ordinance can be declared unconstitutional it must be shown that its provisions are clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals or general welfare. If the validity of the legislative judgment is fairly debatable, the legislative judgment must be allowed to control: [Citing authorities]." *Glorioso Appeal,* 413 Pa. 194, 198, 196 A. 2d 668, 671 (1964).[1] It would seem, however, that appellants merely challenge the separate decisions of the Board concerning contested questions of interpretation.

If a constitutional attack, appellants hardly carried the heavy burden placed upon them. If a factual interpretation attack, appellants again failed to show the Board abused its discretion. The reason is the same in both instances: appellants offered nothing more than criticism of existing traffic plans as opposed to an abundance of positive evidence put forth by the Board that the plans were suitable. Appellants' entirely negative approach was particularly fruitless because the traffic plans were reasonably modified to obviate some of the criticisms by the appellants, and the Pennsylvania Department of Transportation has the final say on whether the plans are suitable.

Besides, *"Any* traffic increase with its attendant noise, dirt, danger and hazards is unpleasant, yet, such increase is one of the 'inevitable accompaniments of suburban progress and of our constantly expanding population' which, *standing alone,* does not constitute a sufficient reason to refuse a property owner the legitimate use of his land." *Archbishop O'Hara's Ap-*

---

[1] *See also: National Land and Investment Co. v. Easttown Twp. Bd. of Adjustment,* 419 Pa. 504, 511, 512, 215 A. 2d 597 (1965) ; *Colligan Zoning Case,* 401 Pa. 125, 131, 162 A. 2d 652 (1960) ; *Bilbar Constr. Co. v. Easttown Twp. Bd. of Adjustment,* 393 Pa. 62, 72, 141 A. 2d 851 (1958).

*peal,* 389 Pa. 35, 54, 131 A. 2d 587, 596 (1957). (Emphasis in original)

We have carefully reviewed the other contentions advanced by appellants and find them without merit.

Affirmed.