8 Pa. Commonwealth Ct. 295 (1973)
Commonwealth, et al.
v.
Bucks County, et al.
Appeal, No. 27 Tr. Dkt. 1972.
Commonwealth Court of Pennsylvania.
Argued December 5, 1972.
April 3, 1973.
*296 Argued December 5, 1972, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.
*297 Stephen C. Miller, Assistant Attorney General, with him Barry Kohn, Assistant Attorney General, for appellant, Commonwealth.
David H. Moskowitz, with him Weis, Nelson & Moskowitz, Lorry W. Post, and, of counsel, Jan Krasnowiecki, Richard Bellman and Denison Ray, for appellants, Interfaith, et al.
George T. Kelton, with him Thomas J. Profy, III, Richard M. Snyder, and Begley, Carlin, Mandio, Kelton & Popkin, for appellees, Bucks County Housing Authority, Borough of Bristol, Borough of Langhorne Manor and Township of Lower Makefield.
John Philip Diefenderfer, with him Stuckert, Yates & Krewson, for appellees, Newtown Borough and Newtown Township.
*298 Stephen B. Harris, with him Harris & Harris, for appellee, Dublin Borough.
PER CURIAM OPINION, April 3, 1973:
President Judge SATTERTHWAITE of the Court of Common Pleas of Bucks County ably and thoroughly discusses and disposes of the issues raised. We affirm the order of the lower court upon his opinion reported in 22 Bucks Co. L. Rep. 179 (1972).
CONCURRING OPINION BY PRESIDENT JUDGE BOWMAN:
A multi-class action in equity seeking unprecedented judicial interference in and arrogation over the planning and zoning affairs of every local government in Bucks County, the county itself and their related boards and commissions in performance of their powers and duties as conferred and imposed upon them by the legislative branch of the government of this Commonwealth impels judicial restraint in cases such as this where the justiciable issue, while postulated upon alleged violations of constitutional rights, is but a symbolic narrative of conjecture, supposition and abstraction as supportive of the alleged cause of action. I concur.
DISSENTING OPINION BY JUDGE KRAMER:
I respectfully, but vigorously dissent. The complaint in this case sets forth a class action alleging that all zoning ordinances in Bucks County are intentionally exclusionary in violation of the constitutional rights of the enumerated classes. It seeks redress for alleged de jure discrimination by way of the requested injunctions, both mandatory and prohibitory.
The majority of this Court has affirmed the order of the court below, which sustained the preliminary objections of the defendants, which were "in the nature of demurrers."
*299 Preliminarily, in writing this dissent, I want to make it clear that I am in complete agreement with my brothers of the majority that courts should not become involved in matters purely political. Courts should never put themselves in positions where they invade the prerogatives of either of the other two branches of government. Courts should never take on the job of legislating, even where the legislative branch refuses to or fails to act. I am in agreement that the plaintiffs in this case, in part at least, had asked the lower court to legislate. However, the prayers of the complaint are in the alternative. The plaintiffs also asked the court to declare alleged intentional exclusionary zoning legislation invalid, and this the courts can do on the making of a proper record.
I request that my position on the various issues presented to us be recorded as follows:
1. Standing  The plaintiffs have asserted interests which are alleged to be protected by the 14th Amendment of the United States Constitution. They have alleged injury resulting from intentional action of the named legislative bodies in Bucks County. In ruling upon the defendants' preliminary objections, we are duty bound to accept as true all of the properly pleaded allegations of the plaintiffs. In so accepting the plaintiffs' allegations, I would find that the plaintiffs have standing. See Pennsylvania Environmental Council, Inc. v. Bartlett, 315 F. Supp. 238 (M.D. Pa. 1970) aff'd, 454 F. 2d 613 (3rd Cir. 1971); Association of Data Processing Service Organizations, Inc. v. Camp, 397 U.S. 150, 153, 25 L. Ed. 2d 184, 188 (1970); Gautreaux v. Chicago Housing Authority, 296 F. Supp. 907 (N.D. Ill. 1969), aff'd, 436 F. 2d 306 (7th Cir. 1970), cert. denied, 402 U.S. 922, 28 L. Ed. 2d 661 (1971); Penn Galvanizing Company v. Philadelphia, 388 Pa. 370, 130 A. 2d 511 (1957).
*300 2. Exclusive Remedy  There is no question that if the plaintiffs desire to contest one single zoning ordinance of one municipality that the exclusive remedy provided is the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, 53 P.S. §§ 10101, et seq. (MPC). Here, however, the plaintiffs are attacking all of the zoning ordinances of all 54 municipalities of Bucks County. The exclusive remedy doctrine is in reality discretionary, rather than mandatory. See United States v. Abilene & Southern Railway Company, 265 U.S. 274, 68 L. Ed. 1016 (1924); Davis, Administrative Law Treatise, Volume III, Section 20.04, p. 80 (1958); Anderson, American Law of Zoning, Volume III, Section 24.06, p. 670 (1968); United States v. Zmuda, 423 F. 2d 757 (3rd Cir. 1970), cert. denied, 398 U.S. 960, 26 L. Ed. 2d 545 (1970); Duquesne Light Company v. Upper St. Clair Township, 377 Pa. 323, 105 A. 2d 287 (1954); Bell Telephone Company of Pennsylvania v. Driscoll, 343 Pa. 109, 21 A. 2d 912 (1941). Equity courts may take jurisdiction where to exhaust administrative remedies would be futile; and equity courts will exercise jurisdiction to prevent multiplicity of suits. See Kramer v. Slattery, 260 Pa. 234, 103 A. 610 (1918); Everett v. Harron, 380 Pa. 123, 110 A. 2d 383 (1955); Ryan, Pennsylvania Law of Zoning, Section 9.1.8, p. 14 (1970). Finally I find nothing in the MPC which specifically states that it is the exclusive remedy in all zoning matters. I conclude that a court of equity may take jurisdiction to determine the constitutional validity of all of the zoning ordinances of Bucks County, based upon a record properly made.
3. Justiciable Issue  Based upon the recent developments of the zoning law in this Commonwealth, as found in Girsh Appeal, 437 Pa. 237, 263 A. 2d 395 (1970); Concord Township Appeal [Kit-Mar], 439 Pa. 466, 268 A. 2d 765 (1970); and National Land and Investment Company v. Easttown Township Board of *301 Adjustment, 419 Pa. 504, 215 A. 2d 597 (1965); the issue of whether exclusionary zoning ordinances were intentionally designed in violation of the plaintiffs' constitutional rights is a justiciable issue.
One often hears the argument in cases of this type that the very purpose of zoning ordinances is to protect the existing landowners and to permit the comprehensive planning of municipalities for the benefit of their citizens. Argument is made that the United States Supreme Court in Village of Euclid v. Ambler Realty Company, 272 U.S. 365, 71 L. Ed. 303 (1926), the most celebrated and foundation ruling in zoning matters, established the principles of planning and land protection. It is conceivable that we have made a complete circle in this rather new development in the law of property rights and police powers. Anyone who has even cursorily observed the recent cases coming before this Court knows that zoning ordinances have been used by municipalities for the intentional purpose of excluding certain uses. See Beaver Gasoline Company v. Zoning Board of the Borough of Osborne, 445 Pa. 571, 285 A. 2d 501 (1971); Daikeler v. Zoning Board of Adjustment of Montgomery Township, 1 Pa. Commonwealth Ct. 445, 275 A. 2d 696 (1971). This dissent, however, should not be interpreted to mean that the writer is passing judgment upon the intention of the many dedicated public servants, who legislate in zoning matters in Bucks County. Quite to the contrary, the law directs judges to presume that zoning ordinances are constitutional and that the burden of anyone attacking the constitutionality of a zoning ordinance is a heavy one indeed. Gaudenzia, Inc. v. Zoning Board of Adjustment, 4 Pa. Commonwealth Ct. 355, 287 A. 2d 698 (1972); Nagorny v. Zoning Hearing Board, 4 Pa. Commonwealth Ct. 133, 286 A. 2d 493 (1971); St. Vladimir's Ukrainian Orthodox Church v. Fun Bun, Inc., 3 Pa. Commonwealth Ct. 394, 283 A. 2d 308 (1971).
*302 The point is that this case is still in its preliminary stages. Only a complaint and several preliminary objections have been filed. No answer or denial has yet been filed. The issues have not been struck. No opportunity to present the facts, subject to vigorous cross-examination, has been permitted. This Court is asked to rule on a demurrer, as a matter of law, whether or not the complaint in this case establishes a cause of action in an equity court. My reading of the law does not permit me to conclude, as a matter of law, that this complaint does not state a proper cause of action.
I would reverse the court below, overrule the preliminary objections in the nature of a demurrer and order an answer to be filed.