## Pasquale Caserta et al., Appellants *v.* Milford Township et al.

Argued April 5, 1978, before President Judge BowMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS, BLATT and DiSALLE.

*Carl K. Zucker*, with him *Cohen, Shapiro, Polisher, Shiekman and Cohen,* for appellants.

*William Thatcher*, with him *Biehn & Thatcher*, for appellees, Milford Township, et al.

*Richard A. Rosenberger*, with him *Souder, Rosenberger & Bricker*, for appellee, Richland Township, et al.

*Francis X. Grabowski*, with him *Jaczun & Grabowski*, for appellee, Haycock Township, et al.

OPINION BY JUDGE DiSALLE, June 5, 1978:

This is before us on appeal from an order of the Court of Common Pleas of Bucks County sustaining

preliminary objections in the nature of demurrers to the appellants' (Plaintiffs') complaint in equity and entering judgment against the Plaintiffs in favor of all appellees (Defendants).

The complaint alleges that each of the Plaintiffs is either an owner or an authorized agent of an owner of land in one or more of the defendant townships, Milford, Richland, and Haycock, and that prior to February 12, 1974, the Defendants created the Quakertown Area Planning Committee which recommended the adoption of the Quakertown Area Zoning Ordinance to each of the participating municipalities. Milford Township adopted the ordinance in March, 1975, Haycock Township in May, 1975, and Richland Township in June, 1975.[1] The gravamen of Plaintiffs' complaint is that the ordinances are null, void, and unconstitutional. It is alleged that the method by which the ordinances were adopted was illegal, rendering them invalid; that the effect of the ordinances, taken together, is to restrict unconstitutionally the use of property in the affected areas; that the ordinances arbitrarily and unconstitutionally restrict the use of the particular property of each individual plaintiff; and that Plaintiffs are entitled to equitable relief in that the legal remedies provided are inadequate or incomplete.

Traditionally, it has been recognized that a complaint brought in equity is not the proper vehicle with which to challenge a zoning ordinance. This rule of exclusiveness, first enunciated in *Taylor v. Moore,* 303 Pa. 469, 154 A. 799 (1931), continues without modifi-

---

[1] Apparently Quakertown, Richlandtown, and Trumbauersville Boroughs were also represented on the Committee, but both Quakertown and Richlandtown failed to adopt the ordinance. Trumbauersville adopted the ordinance in February, 1975, but is not a party to these proceedings.

cation under the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10101 et seq. *Unger v. Hampton Township,* 437 Pa. 399, 263 A.2d 385 (1970). As our Supreme Court, in *Bliss Excavating Co. v. Luzerne County,* 418 Pa. 446, 451, 211 A.2d 532, 535 (1965), stated:

> We have consistently held that challenges to zoning ordinances, regardless of the nature of the alleged defect, can be made only within the procedural framework provided by the zoning statutes and ordinances enacted thereunder and equity has no jurisdiction over the subject matter.

Nonetheless, where the statutory remedy is inadequate, incomplete, or nonexistent, an exception to the exclusiveness rule has been recognized. *Honey Brook Township v. Alenovitz,* 430 Pa. 614, 243 A.2d 330 (1968); *Gladwyne Colony, Inc. v. Lower Merion Township,* 409 Pa. 441, 187 A.2d 549 (1963); *Duquesne Light Co. v. Upper St. Clair Township,* 377 Pa. 323, 105 A.2d 287 (1954).

Plaintiffs contend that they fall within this exception, since they view the ordinances adopted by the defendant townships as one, *i.e.,* the Quakertown *Area* Zoning Ordinance, even though each locality enacted its ordinance at a different and separate session, and by its own governing body acting independently of the others. Since none of the enactments were predicated upon the adoption of a regional comprehensive plan, and since none of the townships provided for the creation of a joint zoning hearing board, it is argued that Plaintiffs could not have acquired lawful standing throughout the entire region to exercise their challenge. This argument must fail for several reasons.

In the first place, we do not view the ordinances in question as constituting only one ordinance. These are

three separate, distinct, and different ordinances. In *Commonwealth v. Bucks County*, 8 Pa. Commonwealth Ct. 295, 302 A.2d 897, *cert denied*, 414 U.S. 1130 (1973), where we affirmed on the opinion of the lower court,[2] zoning ordinances of various municipalities were challenged in one suit in equity. In that case, the suit was dismissed, for, among other reasons, the existence of a legal remedy.

Plaintiffs in the instant case are afforded a complete and adequate legal remedy under the Pennsylvania Municipalities Planning Code (Code). Being owners or agents of owners, Plaintiffs could have attacked the procedure followed in the enactment of the ordinances under Section 1003 of the Code, 53 P.S. §11003. The substantive validity of the ordinances could have been challenged pursuant to Sections 1004 and 609.1, 53 P.S. §§11004 and 10609.1. Finally, Plaintiffs' challenge to the general validity of the ordinances, in that they amount to an unreasonable regulation depriving persons generally of the beneficial use and enjoyment of their lands, could be brought under Section 1004, either by way of the zoning hearing board under Section 910, 53 P.S. §10910, or Section 913.1, 53 P.S. §10913.1, or by a request for a curative amendment under Section 609.1.

Our conclusion that Plaintiffs have an adequate legal remedy under the Code is further buttressed by the allegations in their complaint. Each plaintiff specifically alleges that as a result of the enactment of the ordinance by the township wherein he resides, an arbitrary reclassification of his land has occurred. Since the particular property of each individual plaintiff is allegedly affected, each has standing to pursue a specific and cognizable claim. This fact reduces to a nullity the contention that they are without adequate

---

[2] Reported in 22 Bucks Co. L. Rep. 179 (1972).

redress, except as a group, to attack the validity of the ordinances.

As Plaintiffs have an adequate remedy at law, equity does not have jurisdiction over the subject matter of the complaint. Accordingly, we affirm.

ORDER

AND Now, this 5th day of June, 1978, the order of the Court of Common Pleas of Bucks County, dated November 8, 1976, is hereby affirmed.