547 A.2d 1311

The Borough of Trappe, Montgomery County, PA, Appellant v. Bruce Longaker, Appellee.

Bruce Longaker, Appellant v. The Borough of Trappe, Montgomery County, PA, Appellee.

*Lawrence Sager,* for appellant, Borough of Trappe.

*Barry W. Kerchner,* for appellee Bruce Longaker.

OPINION BY SENIOR JUDGE NARICK, September 30, 1988:

The Borough of Trappe (Borough) appeals from a decision and order of the Court of Common Pleas of Montgomery County. For the reasons set forth herein, we must reverse the decision of the trial court.

This case evolves from a sea of litigation commencing in 1977 when Bruce Longaker (Longaker), as the owner of property situated at 132 West 7th Avenue in the Borough, filed a curative amendment which would allow him to use his property as a junkyard. In response to Longaker's petition, the Borough on April 13, 1977 enacted Ordinance No. 183-D which deleted the Borough's prohibition against junkyards and permitted the use of property as a junkyard in an LI-Limited Industrial District. On May 2, 1977, the Borough enacted the Borough of Trappe Junkyard Ordinance, Ordinance No. 202, which regulated the establishment and maintenance of junkyards and scrap yards in the Borough.[1] On January 11, 1979, the trial court rendered an opinion regarding Longaker's petition for curative amendment which required the Borough to issue Longaker a use permit for a junkyard when and if Longaker was in full compliance with all other valid ordinances and regulations.

---

[1] Ordinance No. 202, Section 3 requires any person engaging in business as a junk dealer to obtain a license from the Borough Council.

Subsequently, the Borough initiated litigation against Longaker alleging that he was in violation of Borough ordinances and regulations. On January 17, 1980, the court of common pleas issued a decision and order which provided, *inter alia,* that Longaker: (1) install a fence around the junkyard;[2] (2) provide rear and side yard setback requirements of 20 and 10 feet respectively; (3) plant appropriate shrubbery around the fence; (4) abide by the standards set forth in Sections 1001-1007 of Ordinance No. 183; and (5) provide a 20-foot wide access road through the premises so as to permit passageway by fire and emergency equipment. The order further provided that it was the court's intent to enforce the earlier order issued by the trial court in 1979.[3]

On February 2, 1982, the Borough adopted Ordinance No. 223 which regulated the use of property as a junkyard.[4] On June 9, 1983, Longaker purchased property situated at 150 West 7th Avenue, which is adjacent, to his 132 West 7th Avenue property and located in an LI District. Longaker intended to expand his junkyard business onto his newly acquired property and in 1985 applied to the Borough for a permit to construct a fence around his property. Subsequently, Longaker was advised by the Borough that before he could expand his business he must submit plans to the Borough as re-

---

[2] The record indicates Longaker erected a fence around his property as mandated by order of court.

[3] This order of the court of common pleas was affirmed by the Commonwealth Court in *Borough of Trappe v. Longaker,* 59 Pa. Commonwealth Ct. 572, 430 A.2d 713 (1981).

[4] The record reveals that Ordinance No. 223 is similar to Ordinance No. 202, *i.e.* a person operating a junkyard is required to obtain a license. However, Ordinance No. 223 expands upon the requirements for a person seeking to operate a junkyard in that an applicant is required to submit a plot plan of the premises used or to be used in connection with the license.

quired by Ordinance No. 223. The Borough denied Longaker's request for a fence permit. Although no appeal was taken from the Borough's decision, Longaker continued the construction of a fence around his 150 West 7th Avenue property.[5]

On October 11, 1985, the Borough filed a complaint in equity alleging that: (1) Longaker is in violation of Borough ordinances; (2) Longaker's junkyard business does not comply with setback and side yard requirements; and (3) Longaker has failed to obtain the necessary licenses in order to operate his junkyard. The Borough contended that Longaker should be enjoined from operating his business or in the alternative that he be required to comply with orders previously issued by the Court of Common Pleas of Montgomery County.[6]

On June 2, 1987, the trial court, after hearing, issued a decision and order which directed Longaker to first submit plans to the Borough's planning commission as required by Article X, Section 1016 of Ordinance No. 183 if he wished to expand his junkyard operation. The trial court further indicated that Longaker should comply with Ordinance No. 223 (*i.e.* file an application for a license to operate a junkyard) as well as Ordinance No. 183 except Section 1012 of Ordinance No. 183 relating to area, width and side yard requirements. The Borough appealed this order with respect to that portion which exempted Longaker from compliance with the area, width and side yard requirements of Section 1012.

---

[5] The record reveals that there is one fence surrounding 132 and 150 West 7th Avenue. The record further discloses that Longaker has not at any time submitted plans to the Borough with respect to the use of 150 West 7th Avenue as a junkyard.

[6] Although Longaker also filed a petition for review at No. 2655 C.D. 1987, he has not pursued his arguments before the Court; therefore, we cannot consider them.

Thus, the sole issue presented for our resolution is whether the trial court erred in modifying the area, width and side yard requirements for the junkyard situated at 150 West 7th Avenue when no application had been presented by Longaker to the Borough's zoning authorities for such a modification.

Section 1012 of Ordinance No. 183 provides:

A. Lot, Area and Width. No LI-Limited Industrial District shall be less than ten (10) acres and no individual lot will be less than two (2) acres with a minimum width of two hundred (200) feet at the building line.

B. Front Yard. The required minimum front yard shall be fifty (50) feet in depth measured from the ultimate right-of-way line.

C. Side Yards. There shall be two (2) side yards each of which will not be less than thirty (30) feet in width, subject to exception hereinafter set forth in Section 1013.

D. Rear Yards. The required minimum depth of a rear yard shall be forty (40) feet subject to exception hereinafter set forth in Section 1013.[7]

It is a cornerstone principle in equity that when the legislature provides a statutory remedy, equity has no place. *Caserta v. Milford Township*, 35 Pa. Commonwealth Ct. 598, 387 A.2d 495 (1978). An action in equi-

---

[7] Section 1013 relevantly provides:

In no case shall any building or structure be erected closer than one hundred (100) feet to any residence district nor any parking area closer than fifty (50) feet to any residence district. The first fifty (50) feet from the property line shall be devoted to buffer areas to be maintained as green areas covered by well maintained lawns, evergreens and suitable tree and shrub plantings.

ty cannot be used to adjudicate zoning questions. *Id.*[8]
Thus, when the applicable zoning laws provide an adequate remedy, the law must be followed. *See Pittsburgh Outdoor Advertising Co. v. Clairton,* 390 Pa. 1, 133 A.2d 542 (1957); *Caserta.* Therefore, although it was proper for the trial court to direct Longaker to first pursue permission for expansion as well as operation of his business through the Borough zoning authorities, it was improper for the trial court to exempt Longaker from the area, width and side yard requirements of Section 1012. Longaker has not at anytime submitted an application to the Borough for a license or a variance with respect to the operation or expansion of his junkyard business. Before the trial court can become involved in any decisions regarding the operation of this business or any variances required thereof, it must first be submitted to the zoning authorities.

Accordingly, for the reasons set forth herein, we must reverse the trial court's order as to that portion which exempted Longaker from the area, width and side yard requirements of Section 1012.

### ORDER

AND NOW, this 30th day of September, 1988, the order of the Court of Common Pleas of Montgomery County in the above-captioned matters is reversed to the extent that the trial court exempted Longaker from the area, width and side yard requirements of Section 1012.

---

[8] *Also see* Ryan, *Pennsylvania Zoning Law and Practice,* Section 9.1.5.