Commonwealth *v*. Pendalli et al. (Heilman's Appeal).

Argued January 5, 1932. Before FRAZER, C. J., SIMP-SON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

*Michael J. McEnery,* for appellant.

*Wilhelm F. Knauer,* Special Deputy Attorney General, with him *William A. Schnader,* Attorney General, for appellee.

PER CURIAM, February 3, 1932:

Defendant, John B. Heilman, appeals from the decree of the court below, which found premises owned by him at No. 43 North 13th Street, Philadelphia, to be a common nuisance, because of the sale there of intoxicating liquors in violation of the Act of March 27, 1923, P. L. 34, and ordered the nuisance abated, and further that the premises should not be used or occupied for a period of one year from the date of the decree.

Defendant appeals solely on the question of the propriety of the decree, in consideration of the fact that, from several weeks before the bill was filed to the date of hearing, and from that time to decree by the chancellor, there was no evidence of violation of the law in question. In answer to the bill, defendant states he used "all his power of inspection to see that the said premises are only used for lawful purposes," and contends the court below was not justified in ordering the property "padlocked."

The Act of 1923 specifically provides that "It shall not be necessary for the court to find the property involved was being unlawfully used......at the time of the hearing, but on finding that the material allegations of the petition are true, the court shall order that no intoxicating liquor shall be......sold, offered for sale, [etc.] in such......building...... Upon the decree of the court

ordering such nuisance to be abated, the court may, upon proper cause shown, order that the......place shall not be occupied or used for one year thereafter." It was found that intoxicating liquors had been sold on the premises in question on at least five different occasions in less than a year and a half previous to filing the present bill, the last occasion testified to being on July 9, 1930. The bill was filed September 9, 1930, defendant's answer on October 10th, and the case was heard by the chancellor December 12, 1930. Appellant does not assert that "the material allegations of the bill" were not true, and we fail to find there was unreasonable delay either in bringing suit or in proceeding to hearing. Under such circumstances, "that the hearing is remote from the commission of the offense will not, at least in the absence of affirmative proof of abatement, prevent decree": United States v. Varele, 40 Fed. (2d) 941, 942. Affirmative proof of abatement in this case is entirely lacking; on the contrary, the chancellor states the premises consisted of a small building, in which a restaurant was conducted on the first floor, the upper floors apparently being unoccupied, yet the rent was approximately $15 a day, and it is difficult to understand how a tenant would reasonably expect to provide food and service in premises of this character and realize sufficient profit to justify the payment of so large a rent. The chancellor properly inferred: "The exaction and acceptance of that rent necessarily supports a conclusion that the owner must have been aware of an intention on the part of the tenants to engage in illegal practices." "A nuisance, once shown to exist, will be presumed to continue, especially in the absence of change of environment": Engler v. U. S., 25 Fed. (2d) 37, 39; United States v. Varele, supra. Here, the proof of abatement does not measure up in quantum and quality with the proof of previous existence, as it should (United States v. Budar, 9 Fed. (2d) 126, 128); there is, in fact, no actual proof of abatement, and the finding that the nuisance existed over a

considerable period justified the presumption that it might be expected to continue, especially since all surrounding circumstances remained as theretofore.

The decree is affirmed at cost of appellant.