**UNITED STATES v. PHŒNIX CEREAL BEVERAGE CO., Inc., et al.**

**No. 404.**

Circuit Court of Appeals, Second Circuit.

May 8, 1933.

Sanford H. Cohen, and Louis Halle, both of New York City (Milton R. Kroopf and George Cohen, both of New York City, of counsel), for appellants.

George Z. Medalie, U. S. Atty., of New York City (Ulysses S. Grant, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

On a former appeal, a search of these premises was, by a majority of this court, held unlawful; what was then seized was ordered returned; and evidence so obtained suppressed. In re Phœnix Cereal Beverage Co., Inc. (C. C. A.) 58 F.(2d) 953. The officers then were in possession of an invalid search warrant. The government relied in justification upon additional evidence of the commission of a crime within the premises, then forcibly entered, afforded by evidence that, when the officers approached the buildings to execute the search warrant, beer was seen coming out under a door into the street and was also flowing into the gutter from a standpipe. The officers obtained a milk bottle with which they took up some of the liquid. By subsequent test it was found to be beer containing more than one-half of 1 per cent. of alcohol by volume. The officers forced their way into the buildings, however, with no knowledge of the alcoholic content of the beer except what they could see, smell, and taste, and made the first test that could place their information regarding the amount of alcohol in the beer above the plane of suspicion only after they got inside. That was clearly information after the event which would not justify their entry, and it was held, in accord with the principles of Taylor v. United States, 286 U. S. 1, 52 S. Ct. 466, 76 L. Ed. 951, that the evidence they got in the search had been obtained through an unlawful search and seizure. Yet, beyond such a holding both as to the validity of the search warrant and the sufficiency of the evidence as a justification for entry and search regardless of the search warrant our former decision did not go. The evidence then did not show that the officers had reasonable cause to believe that what they had seen coming from the brewery was beer containing an unlawful

amount of alcohol, instead of so-called near beer lawfully manufactured, possessed, or even spilled, until the information was too late to serve, for they did not have it before they entered. Our former decision can have no bearing upon the issue of a common nuisance upon the premises in an action in equity brought about a year later except to require the exclusion of all evidence obtained in the illegal search and seizure. Such evidence was rigidly excluded on the trial of this action in the District Court despite persistent attempts of the assistant district attorney in charge of the case to have it admitted quite contrary to our previous decision.

■■ The important issue on this appeal is whether or not the evidence below was sufficient to support the decree. The only evidence of what had transpired since the unlawful search and seizure was that the brewery had been operated and that observation of the premises had disclosed trucks loaded with beer barrels entering and leaving in response to signals given and received by men stationed at what may fairly be called strategic points in determining whether the trucks were likely to be molested. While this does not comport with the customary conduct of innocent business, we might feel inclined to the view, which the appellant insists we should take, that it is less than enough when added to the evidence we have already held insufficient to justify the search and seizure, to support the decree entered in this case. We are not, however, faced with that situation. True it is that this evidence of subsequent events is all that distinguishes this appeal on the evidence from the former appeal. It is far from being all which alters the present situation on the facts. Before, while the liquid which contained within itself the evidence of an unlawful percentage of alcohol was lawfully taken up from the street outside the premises and the knowledge that it came from the brewery was lawfully obtained before the entrance was made by the officers, they did not test it by means which would enable them to do more than guess whether or not it contained more than one-half of 1 per cent. of alcohol by volume before they did enter.

Consequently, as we have already pointed out, their after-acquired knowledge of its alcoholic content could not give them reasonable cause to believe when they went in that it was beer whose manufacture and possession there was unlawful even assuming that they did have reasonable cause to believe that it had been manufactured there. Raniele v. United States (C. C. A.) 34 F.(2d) 877. But in this case the evidence by test competent to disclose the fact that this beer contained more than the permitted amount of alcohol was not only lawfully obtained evidence, but was timely in its application to the issue of whether beer was manufactured and possessed on the premises in violation of the National Prohibition Act (title 2, § 3 [27 USCA § 12]). There was enough to prove prima facie that such beer was manufactured and possessed in that brewery. It then was incumbent upon the appellant to take up the burden of proceeding at least to neutralize the effect of the prima facie case. It introduced no evidence, so the prima facie case of the government must be held sufficient to support the decree. The trial judge knew when he decided this case that the beer was contraband, but the officers made their search without waiting to ascertain by any fairly sufficient test whether it was or not.

■ Since the decree below, Congress has changed the law. Act of March 22, 1933. There was no proof that the beer had an alcoholic content high enough to make continued operation of the brewery a common nuisance provided the appellant obtains a permit under section 4 (a) of the above act (27 USCA § 64c). The injunction is remedial and not punitive. United States v. Chesebrough Mfg. Co. (D. C.) 11 F.(2d) 537. It will therefore have served its purpose if, and when, the appellant obtains such a permit. Consequently, the injunction should now be modified by limiting its duration to such part of its present effective period as may elapse before the appellant obtains such a permit.

The decree is modified in accordance with this opinion.