## 46 South 52nd Street Corporation, Appellant, *v.* Manlin.

Argued April 19, 1961. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*Jerome J. Cooper*, with him *Wolkin, Sarner & Cooper*, for appellants.

*Alan R. Howe*, with him *Edward Davis*, for appellees.

*David Berger*, City Solicitor, with him *Lewis Kates*, Deputy to the City Solicitor, for City of Philadelphia, intervening appellee.

*Harold E. Kohn*, with him *Dolores Korman*, and *Dilworth, Paxson, Kalish, Kohn & Dilks*, for interested parties, under Rule 46.

*Arthur Littleton*, with him *Morgan, Lewis & Bockius*, for interested parties, under Rule 46.

*Stephen B. Narin*, with him *Marvin Garfinkel*, *Theodore R. Mann*, and *Narin, Garfinkel and Mann*, for interested party, under Rule 46.

*Samuel D. Goodis,* with him *David Blasband, Richard E. Prevail,* and *Folz, Bard, Kamsler, Goodis & Greenfield,* and *Adams and Childs,* for interested parties, under Rule 46.

OPINION BY MR. JUSTICE COHEN, June 2, 1961:

Our mandate to the lower court in *46 South 52nd Street Corporation v. Manlin,* 398 Pa. 304, 157 A. 2d 381 (1960), was sufficiently clear to require the immediate entry of a decree restraining the defendants—appellees, Manlin and Berman, from operating the newsstand at the corner of 52nd and Chestnut Streets.

There is no question that a court of equity which has entered a decree for an injunction may open, vacate or modify the same where the situation and circumstances of the parties or the law are shown to have so changed as to make it just and equitable to do so. But we know of no rule of law or procedure, and none has been cited, that permits the lower court after appellate review to withhold the entry of an effective decree mandated by the appellate court. The lower court states that it declined to enter the mandated decree because city council had under consideration an ordinance which might change the applicable conditions, and hence it refrained from effectuating the decree until city council had an opportunity to act. That explanation gives proper consideration neither to the rights of the successful litigant nor to the mandate of our court.

The ordinance which eventuated and to which the court below gave effect in entering its decree of April 29, 1960, now here on appeal, should not have been injected into this proceeding. We deliberately refrain, therefore, from any expression or implication with respect to the validity or invalidity of the ordinance.

The decree appealed from is hereby vacated at the appellees' costs and the record remanded with directions

that a decree be entered granting the injunctive relief prayed for by the plaintiffs in their complaint.

Mr. Justice Box dissents.