Commonwealth *v.* Tick, Inc. et al., Appellants.

Argued April 16, 1968. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Theodore R. Mann,* with him *James M. Carter, Gerald Gornish, Lawrence E. Hirsch,* and *Goodis, Greenfield, Narin & Mann,* for appellants.

*Arlen Specter,* District Attorney, with him *David L. Creskoff* and *Michael J. Rotko,* Assistant District Attorneys, and *Richard A. Sprague,* First Assistant District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE JONES, October 3, 1968:
On January 14, 1966, the District Attorney of Philadelphia filed a complaint in equity to enjoin Tick, Inc. and certain individuals interested therein (appellants) from operating the Wheel Bar in Philadelphia as a restaurant wherein liquor and malt beverages were sold.

Following a hearing, the Court of Common Pleas (No. 7) of Philadelphia County, on April 22, 1966, found that appellants had conducted the bar-restaurant in such manner as to constitute a nuisance, entered a decree directing the abatement of the nuisance but allowed the Wheel Bar to remain open and continue in operation under a $10,000 bond. On May 18, 1966, the Commonwealth filed an appeal from that decree in this Court and, on June 29, 1967, this Court, in a *per curiam* opinion, held that the trial court had abused its discretion in not enjoining the operation of the premises as a restaurant licensed to sell liquor and malt beverages and we remanded the record to the court

below for the entry of an "appropriate decree". See: *Com. v. Tick, Inc.*, 427 Pa. 120, 125, 233 A. 2d 866 (1967). Appellants' petition for reargument was denied on October 22, 1967.

The Commonwealth, on November 4, 1967, then filed an application in the court below for an *immediate* injunction padlocking Wheel Bar for one year in accordance with the mandate of this Court. Three months later—on February 6, 1968—the court below entered an order enjoining the sale of liquor at the Wheel Bar for a period of one year.[1] The court below stated that it was "constrained to rule under the decision of the Supreme Court that an injunction order must issue" but, believing appellants had been dealt with "too harshly", it, in effect, invited appellants to again appeal to this Court.

On February 7, 1968, appellants appealed from the decree of the court below and the very next day—February 8, 1968—the court below entered an order permitting the Wheel Bar to remain open pending the outcome of the new appeal.[2]

On April 8, 1968, the Commonwealth filed a motion to dismiss this appeal on the ground of *res judicata* to which appellants filed an answer.

Two matters are now before us: (1) the validity of the position taken by the Commonwealth that the instant appeal must be dismissed because the same issues and parties were before us on the prior appeal and, by reason of our resolution of those issues, the

---

[1] It must be noted that appellants' counsel at the hearing made an offer of proof in order to show that, since the time of the original decree by the trial court, the nuisance had been abated and no violation of the law had taken place for two years since the equity action was instituted.

[2] Despite the fact that the court below was aware that the thrust of our previous ruling was that the Wheel Bar remain closed.

matter is now *res judicata*; (2) the issues which are raised on the instant appeal. Necessarily, resolution of the question whether the appeal should be dismissed will require our consideration of the issues raised on this appeal.

On the *prior* appeal, the issue was whether the court below had abused its discretion in not enjoining the operation of the Wheel Bar. In view of the findings of fact of the court below, which were supported by evidence of record and which led to the conclusion of the court below that appellants' actions in the operation of this bar-restaurant constituted a nuisance, we held that the court below had abused its discretion in not enjoining the operation of the Wheel Bar and in permitting its continued operation under bond. See: *Tick*, supra, p. 125. Even the most cursory examination of our opinion in *Tick*, supra, will reveal beyond question that, when we remanded the matter to the court below for the entry of an "appropriate decree", we contemplated the immediate entry of a decree enjoining the operation of this bar-restaurant. The court below correctly interpreted our remand order and entered a decree enjoining the operation of the Wheel Bar for one year.

In appealing from that decree, appellants now present two questions: (1) whether the court below, in consonance with our remand order, had the discretion to padlock the Wheel Bar for a period less than one year; (2) whether the court below, in fashioning an "appropriate decree" in compliance with our remand mandate, had discretion to hear and consider evidence that the nuisance had been abated and that the operation of the bar-restaurant had been exemplary ever since the equity action was instituted, a period of over two years.

The Pennsylvania Liquor Code[3] provides that, once the court has found the existence of conduct in the operation of a bar-restaurant to constitute a nuisance and has directed its abatement, the court then has two options: (1) "upon proper cause shown", to order that the premises "shall not be occupied or used for one year thereafter" or (2) to permit the use and occupancy of the premises provided a bond in the penal sum of not less than $500 be posted and that no further violation of the Code occur. Under the Code, if the court, in the exercise of its discretion, rejects the second option and adopts the first option, then the unequivocal language of the Code provides for padlocking of the premises "for one year thereafter." Upon our remand of this matter for the entry of an "appropriate decree", such decree of necessity had to be fashioned in the language of the statute. To contend, as appellants now do, that the court is given discretion to padlock the premises for less than one year offends both the statutory language and the remand order in *Tick*, supra, particularly because the remand order envisioned a decree padlocking the premises as authorized and permitted under the statute.

It was the duty of the court below, on remand, to comply strictly with our mandate and such compliance required the court to proceed in a manner consistent with the views expressed in our opinion and in accordance with the terms of the statute which empowered padlocking of premises. See: *Haefele v. Davis*, 380 Pa. 94, 110 A. 2d 233 (1955).[4] We are satisfied that, in

---

[3] Act of April 12, 1951, P. L. 90, art. VI, §611(c), 47 P.S. §6-611(c).

[4] In *Haefele*, supra, we said (p. 98): "A lower court is without power to modify, alter, amend, set aside or in any manner disturb or depart from the judgment of the reviewing court as to any matter decided on appeal. . . . Under any other rule, litigation would never cease, and finality and respect for orderly process of

framing its decree, the court below followed both the mandate of the legislature and that of this Court.

On *this* appeal, appellants next contend that, upon our remand and in order to fashion an "appropriate decree", the court below had discretion to hear and consider evidence that the nuisance had been entirely abated and that such abatement had continued for over two years. To the very same question (although, of course, the time during which the nuisance had allegedly been abated was of shorter duration) this Court addressed itself on the *prior* appeal. In *Tick,* supra, p. 125, we said: "Nor was the court justified in suspending the applicable law because the owner of the Wheel Bar had endeavored, in some manner, to abate the averred nuisance after the suit in equity had been filed."[5] Moreover, the decree involved in the *prior* appeal directed the abatement of the declared nuisance and, had the nuisance not been abated, appellants would have been disobeying the original decree in this litigation. This contention of appellants was considered and resolved in the *prior* appeal.

Even if this issue had not been resolved on the *prior* appeal, we would be constrained to affirm the action of the court below in refusing, after our remand order, appellants' offer of proof of good behavior in the period between the date of institution of suit and the date of our remand order. It is true that, under certain unusual circumstances, a court, after a remand order, may hear evidence of changes in circumstances or situations (*46 S. 52nd St. Corp. v. Manlin,* 404 Pa. 159, 160, 172 A. 2d 154 (1961)), but such circumstances did not exist in the case at bar. Furthermore, even if appellants did prove that the operation of Wheel

---

law would be overcome by chaos and contempt." See also: *Re Vacation of Melon Street,* 192 Pa. 331, 43 A. 1013 (1899).

[5] Cf. *Com. v. Pendalli,* 306 Pa. 186, 159 A. 20 (1932).

Bar, *after the suit was filed,* had been exemplary, such evidence would be irrelevant to their conduct, *prior to the filing of this suit,* which both the court below and this Court found to have constituted a nuisance (cf. *Larkin v. Auditorium Co.,* 18 Berks L. J. 189 (1925)) and, moreover, its purpose could only have been to secure padlocking for less than one year which would offend the statutory language empowering the court to padlock.

It is hornbook law that issues decided by an appellate court on a prior appeal between the same parties become the law of the case and will not be reconsidered on a second appeal. See: *Delaware River Port Authority v. Pa. P.U.C.,* 408 Pa. 169, 182 A. 2d 682 (1962); *Ondovchik v. Ondovchik,* 421 Pa. 20, 218 A. 2d 578 (1966). The issues which we resolved on the prior appeal are identical with the issues now sought to be raised on this appeal, although couched in slightly different verbiage, and our determination of the prior appeal has become the law of this case. We are satisfied that the instant appeal must be dismissed.

This litigation has been unduly prolonged and must be concluded. Even though appellants' operation of the Wheel Bar was declared to constitute a nuisance by the court below almost two and one-half years ago and even though almost a year ago this Court directed the entry of an "appropriate decree" which would enjoin the operation of the Wheel Bar, appellants continue in the operation of this bar-restaurant. The mandate of this Court has not and is not being followed. In *46 S. 52nd St. Corp.,* supra, p. 160, we said: ". . . proper consideration [has been given] neither to the rights of the successful litigant nor to the mandate of our court." Such language vividly depicts that which has taken place in this litigation.

Decree affirmed. Appellants to pay costs.

CONCURRING OPINION BY MR. JUSTICE EAGEN:

When this litigation was initially before this Court, I took sharp issue with the majority decision. See 427 Pa. 120, 125, 233 A. 2d 866 (1967). I still adhere to the views expressed in my dissenting opinion. However, the law of the case has been established by the majority vote of the Court, and, like it or not, this Court should now enforce its prior decision, the meaning of which was clear and beyond question. Any other action would lead to confusion and intolerable results.

I, therefore, concur in affirming the decree of the court below.

Mr. Justice O'BRIEN joins in this concurring opinion.

---

DISSENTING OPINION BY MR. JUSTICE MUSMANNO:

Since the nuisance in this case has been abated, I see no reason, in law or in justice (unfortunately not always synonymous) why the injunction should continue.

---

DISSENTING OPINION BY MR. JUSTICE COHEN:

This Court should not compound the error of its previous disposition of this case: *Commonwealth v. Tick, Inc.,* 427 Pa. 120, 233 A. 2d 866 (1967) (EAGEN, J., dissenting, joined in by COHEN, J. and O'BRIEN, J.), by attempting to *punish* appellants under a "statute which was not intended to punish personal guilt."[1] The Pennsylvania statute[2] under which this action in equity was brought and the decree sought is patterned nearly word for word after section 22 of the National

---

[1] *United States v. Studio,* 12 F. 2d 462, 464 (S.D. N.Y. 1926), modified *sub nom. United States v. Pepe,* 12 F. 2d 985 (2d Cir. 1926).

[2] Act of April 12, 1951, P. L. 90, art. VI, §611(b) and (c), 47 P.S. §6-611(b) and (c).

Prohibition Act, October 28, 1919, c.85, §22, 41 Stat. 314.[3]

---

[3] Compare the following language of the federal act:

"An action to enjoin any nuisance defined in this title may be brought in the name of the United States by the Attorney General of the United States or by any United States attorney or any prosecuting attorney of any State or any subdivision thereof or by the commissioner or his deputies or assistants. Such action shall be brought and tried as an action in equity and may be brought in any court having jurisdiction to hear and determine equity cases. . . . And upon judgment of the court ordering such nuisance to be abated, the court *may* order that the room, house, building, structure, boat, vehicle, or place shall not be occupied or used for one year thereafter; but the court *may*, in its discretion, permit it to be occupied or used if the owner, lessee, tenant, or occupant thereof shall give bond with sufficient surety, to be approved by the court making the order, in the penal and liquidated sum of not less than $500 nor more than $1,000, payable to the United States, and conditioned that intoxicating liquor will not thereafter be manufactured, sold, bartered, kept, or otherwise disposed of therein or thereon, and that he will pay all fines, costs, and damages that may be assessed for any violation of this title upon said property." (Emphasis supplied).
with our own act:

"(b) An action to enjoin any nuisance defined in this act may be brought in the name of the Commonwealth of Pennsylvania by the Attorney General or by the district attorney of the proper county. Such action shall be brought . . . in any court having jurisdiction to hear and determine equity cases within the county in which the offense occurs. . . .

. . .

"(c) Upon the decree of the court ordering such nuisance to be abated, the court *may*, upon proper cause shown, order that the room, house, building, structure, boat, vehicle or place shall not be occupied or used for one year thereafter, but the court *may*, in its discretion, permit it to be occupied or used if the owner, lessee, tenant or occupant thereof shall give bond with sufficient surety to be approved by the court making the order in the penal and liquidated sum of not less than five hundred dollars ($500.00), payable to the Commonwealth of Pennsylvania, for use of the county in which said proceedings are instituted, and conditioned that neither liquor, alcohol, nor malt or brewed beverages will thereafter be manufactured, sold, transported, offered for sale, bar-

Thus, in interpreting our statute we must examine how the federal courts have interpreted identical language, since our legislation was enacted after the federal judicial interpretation.

The United States Supreme Court has held that section 22 "authorizing an injunction is not punitive but preventive" in nature, *Grosfield v. United States,* 276 U.S. 494, 497 (1928). The Supreme Court further discussed the nature of the injunctive decree saying, "the decree must rest [on the ground] that the premises ought to be closed for a period long enough to end the probability of a recurrence of their unlawful use." *Grosfield v. United States,* supra, at 499. The remedy there is fashioned by likelihood of the continuance of the nuisance rather than an inflexible one year standard in the nature of punishment. The language above is very close to that used in *United States v. Studio Club,* 12 F. 2d 462 (S.D. N.Y. 1926). That case was modified in *United States v. Pepe,* 12 F. 2d 985 (2d Cir. 1926), which was cited by the Supreme Court in *Grosfield,* supra. In *Studio Club,* supra, the decree closing the premises under section 22 was for a period of *six months.* Since the federal statute after which our own was patterned permits an injunction for less than a year, the majority is in error in straining the language of our statute to hold that the court below could not make a determination to enjoin the nuisance for a period of less than one year.

I further disagree with our Court's interpretation of our mandate of "appropriate decree." If, as the majority holds, there was but one decree that could

---

tered or furnished, or stored in bond, or stored for hire therein or thereon in violation of this act, and that he will pay all fines, costs and damages that may be assessed for any violation of this act upon said property." (Emphasis supplied). (The omitted language, though not pertinent to the present issues is nearly identical in the two acts.)

have been entered, we should have entered it ourselves. Instead, we remanded to the chancellor to enter in his discretion a decree appropriate to the situation. Thus, he was to look at the nuisance as it then existed and in accordance with the act fashion a decree that would best achieve the abatement of the nuisance. This is the only reading of "appropriate decree" that can support this Court's action of remand.

For this purpose the chancellor could hear evidence of abatement of the nuisance so that his decree would be just in light of the circumstances as they *then existed*.[4] This position is taken in interpreting the federal act, *United States v. Chesebrough Mfg. Co.*, 11 F. 2d 537, 540 (S.D. N.Y. 1926) ("the nuisance having been completely abated prior to the entry of the decree, there is nothing on which any decree under section 22 can operate"). "The nuisance having been abated, the effect of such a decree [padlocking] would be purely punitive . . .", *United States v. Chesebrough Mfg. Co.*, supra, 538-539.

In *Commonwealth v. Pendalli*, 306 Pa. 186, 188, 159 Atl. 20 (1932), our Court has held similarly while allowing a padlocking since "the proof of abatement does not measure up in quantum and quality with the proof of previous existence." This clearly shows that such evidence was to be taken and considered in fashioning a decree.

It is my opinion that our mandate of entering an "appropriate decree" encompasses more than a ministerial act by the chancellor and that our remand permitted him to fashion his remedy to the circumstances

---

[4] In both *Grosfield*, supra, and *United States v. Phoenix Cereal Beverage Co., Inc.*, 65 F. 2d 398 (2d Cir. 1933) there were modifications to the original decree based on post-trial circumstances. In the later case the circumstances changed between the first and second appeals to the second circuit and this formed the basis for the modified order.

over the total range provided by the statute. I would therefore return this matter once again to obtain an "appropriate decree" in accordance with the principles set out in this dissent.

I dissent.