Borough of Trappe, Appellant *v.* Bruce F. Long-
aker, Appellee.

Argued March 6, 1981, before Judges BLATT,
CRAIG and WILLIAMS, JR., sitting as a panel of three.

*Lawrence Sager, Sager & Sager,* for appellant.

*Barry W. Kerchner,* for appellee.

OPINION BY JUDGE WILLIAMS, JR., June 10, 1981:

This appeal by the Borough of Trappe arises from a saga of continuous efforts by the Borough to stop Bruce F. Longaker from using his property as a junkyard. The factual pattern of this case is further complicated by the appellee's own initiative efforts to overcome any legal impediments to his use of his property as a junkyard.

The Borough's efforts commenced with the filing of a Complaint in Equity against Longaker on March 28, 1974, for the alleged violation of the provisions of Section 1707 of the zoning ordinance in effect at that time, Ordinance Number 183. That ordinance prohibited the use of property as junkyards, scrapyards or automobile graveyards in the township. On August 8, 1975, an injunction was issued against Longaker restraining him from servicing, parking and repairing vehicles on his property. Following the issuance of the injunction, three successive contempt petitions were filed by the Borough against Longaker during the course of the next four years.

The Borough filed the first of its contempt petitions on December 20, 1976, in response to a petition filed by Longaker to dissolve the injunction. On March 9, 1977, the Court of Common Pleas of Montgomery County disposed of both petitions, pursuant to the stipulation of the parties, by issuing a Consent Decree which modified the August 8, 1975 injunction.

By the terms of the modified decree, Longaker agreed to clean up his property and the Borough agreed to withdraw its Petition for Contempt.

On February 18, 1977, however, approximately three weeks prior to the issuance of the Consent Decree, the appellee filed a challenge to Section 1707 of Ordinance Number 183 along with an application for a Curative Amendment.

The record suggests that in addition to pursuing its legal actions against Longaker, the Borough expended a great deal of energy in legislative efforts to circumvent Longaker's challenge as well as to gain municipal control over Longaker's use of his property.

The Borough scheduled a hearing on the challenge for April 13, 1977. Immediately prior to the hearing, however, apparently in recognition of the constitutional infirmity inherent in Section 1707, the Borough enacted a zoning amendment, Ordinance Number 183-D, which allowed junkyards in the limited industrial district of the township.[1] At the scheduled hearing, the Borough then dismissed Longaker's challenge on the grounds that the amendatory ordinance cured the defect of total exclusion of junkyards as a permitted use in the township. Thereafter, on May 2, 1977, the Borough enacted yet another ordinance, Ordinance Number 202, which specifically regulates the operation, licensure and appearance of junkyards and which provides the main thrust of the Borough's contentions on appeal.

In the interim, Longaker filed a Notice of Appeal in the Court of Common Pleas from the denial of his

---

[1] As noted in the lower court's opinion, Longaker's property is 144 feet wide by 794 feet long. The first 250 feet back from the street are zoned for residential use while the remainder is zoned for light industrial use.

challenge. After argument on October 20, 1977, the case was remanded, but the Borough eventually affirmed its denial. Thereafter, Longaker filed an Affirmation of Notice of Appeal on June 23, 1978 (less than one week after the Borough filed its second contempt petition). The order and opinion was filed in that action on January 11, 1979. The lower court declared that Section 1707 of Ordinance Number 183 was exclusionary and therefore unconstitutional as it applied to Longaker.

The court further determined that Ordinance Number 183-D was inapplicable to Longaker, as it was not a "pending ordinance" at the time Longaker filed his challenge. The record reflects that no appeal was taken from that order.

The Borough, in the meantime, had resumed its efforts to have Longaker held in injunctive contempt by filing its second contempt petition on June 19, 1978, apparently to enforce the terms of the modified decree. Following a hearing before the lower court, Longaker was held to be in contempt of court, but was given an opportunity to clean up his property before the imposition of sanctions. In September of 1978, an inspection of Longaker's property was conducted by the court. Thereafter, by order of the court, the Borough's contempt petition was dismissed. The Borough appealed from that order to this Court but withdrew that appeal on February 20, 1979.

In October of 1979, the Borough's third Petition for Contempt was filed. Longaker responded to that contempt petition with an Answer and a Petition to Dissolve the Injunction. By order of the lower court, the Borough's contempt petition was dismissed and the injunction against Longaker was dissolved. Additionally, the order directed the Borough to grant Longaker a use permit to use his property as a junkyard upon compliance with certain enumerated condi-

tions. It is from that order that the Borough has appealed to this Court.

Having reviewed the background litigation and the legislative history of the instant matter, we now focus on the merits of the arguments on appeal.

The Borough does not sharply focus its points of contention; but after several readings, it appears it is challenging the order of the court below based on the contention that the lower court's order improperly prevents the Borough from regulating Longaker's use of his property under its police power and by force of Ordinance Number 202. It is further contended that Ordinance Number 202 is a nonexclusionary, reasonable regulation, and that as such, its application to Longaker's property is not subject to the constraints and restrictions of the "pending ordinance" doctrine.

As for that portion of the order that discharged the Borough's Petition for Contempt and dissolved the injunction against Longaker, we defer to the well-settled law of this Commonwealth: a court of equity that has entered a decree for an injunction may, in the exercise of its judicial discretion, open, vacate or modify the same where the situation and circumstances of the parties or the law are shown to have so changed as to make it just and equitable to do so. *46 South 52nd Street Corp. v. Manlin*, 404 Pa. 159, 172 A.2d 154 (1961); *Ladner v. Siegel*, 298 Pa. 487, 148 A. 699 (1930).

Our scope of review in equity matters is limited to a determination of whether the court below abused its discretion of committed an error of law. *Sergi v. Pittsburgh School District*, 28 Pa. Commonwealth Ct. 576, 368 A.2d 1359 (1977). We find no such abuse of discretion or error of law here.

The injunction in this case, which was initially issued against Longaker on August 8, 1975, was based

on the provisions of Ordinance Number 183, Section 1707, and prevented Longaker from using his property as a junkyard. The terms of the injunction were subsequently modified pursuant to the March 9, 1977 Stipulation and Consent Decree of the lower court so as to compel Longaker to clean up his property while permitting its use as a junkyard. Since then, however, the ordinance upon which the injunction rested has been repealed by the Borough and declared unconstitutional by the lower court in a separate action. Pursuant to the law of this Commonwealth, an injunctive decree by the court does not give the complaining party a perpetual or vested right either in the remedy, the law governing the order or the effect of it. The appellant's right to injunctive relief rested solely upon the continuance of the law governing the injunctive order. Such relief is not a vested right, and no decree of the court can make it such: it is subject to termination whenever the law changes. *Ladner, supra.* Applying the principles of *Ladner* to the facts of the instant case, it is clear that the lower court could have properly dissolved the injunction against Longaker as early as the effective date of the repeal of the ordinance, had Longaker chosen to file a Petition to Dissolve the Injunction at that time. We can perceive no abuse of discretion by the court in dissolving the injunction when it did.

We turn now to the remaining portions of the lower court's order, directing the Borough to grant a use permit to Longaker upon his compliance with the specifically enumerated restrictions incorporated. in the order. The thrust of the Borough's remaining contentions focuses on those restrictions and triggers the central issue on appeal: what law should govern the regulation of Longaker's use of his property.

The Borough contends that Ordinance Number 202 is the proper law to regulate that use. We cannot agree. We believe the "pending ordinance" doctrine controls the issue at bar. We further believe the doctrine was properly applied by the lower court as basis for its determination that Ordinance Number 202 cannot apply to Longaker's use of his property.

The "pending ordinance" doctrine has been interpreted by the Supreme Court of Pennsylvania to mean that zoning amendments that were not pending at the time of a landowner's challenge are not applicable to the challenging landowner's case. *Casey v. Zoning Hearing Board of Warwick Township,* 459 Pa. 219, 328 A.2d 464 (1974). It is clear from the record that Ordinance Number 202 was not pending at the time Longaker filed his challenge to Ordinance Number 183, Section 1707. Therefore, Longaker's use of his property as a junkyard cannot be regulated by reference to Ordinance Number 202. This Court has previously stated, moreover, that on appeal to the court after a challenge by the landowner, the curative amendment is no longer at issue. *Gorski v. Township of Skippack,* 19 Pa. Commonwealth Ct. 346, 339 A.2d 624 (1975). We need not discuss, therefore, appellant's other arguments pertaining to Ordinance Number 202.

Finally, as noted in the memorandum opinion of the court below, the restrictions and regulations set forth in the order pertaining to Longaker's use of his property as a junkyard were based on the remaining reasonable provisions of Ordinance Number 183.

Our review of that portion of the lower court's order convinces us that it complies with the relevant provisions of the Pennsylvania Municipalities Planning Code (MPC)[2] and is consistent with the prin-

---

[2] Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10101 *et seq.*

ciples governing this type of case which were discussed in our decision in *Ellick v. Board of Supervisors of Worcester Township,* 17 Pa. Commonwealth Ct. 404, 333 A.2d 239 (1975).

In *Ellick,* we interpreted Section 1011 of the MPC, 53 P.S. §11011, to mean that the Courts of Common Pleas may order the challenging landowner's plans or parts of them to be approved, subject to the otherwise legal zoning regulations in the ordinance (which has been found to be defective), which may be applicable to the same class of usage. The lower court's order did precisely that. We agree with the lower court, moreover, that its order protects both the rights of the landowner and the legitimate police power interests of the Borough.

In accordance with the foregoing opinion, we, therefore, affirm the order of the court below.

ORDER

AND Now, the 10th day of June, 1981, the Order of the Court of Common Pleas of Montgomery County, dated January 17, 1980, at No. 74-4292, is hereby affirmed.

Judge WILKINSON, JR. did not participate in the decision in this case.