488 A.2d 8

COMMONWEALTH of Pennsylvania

v.

William EASTON, Appellant.

Superior Court of Pennsylvania.

Submitted April 30, 1984.

Filed Feb. 6, 1985.

510

Brian S. Quinn, Hovertown, for appellant.

Vram Nedurian, Jr., Assistant District Attorney, Newton Square, for Commonwealth, appellee.

Before SPAETH, President Judge, and WIEAND and CIRILLO, JJ.

SPAETH, President Judge:

This is an appeal from an order denying relief under the Post Conviction Hearing Act. 42 Pa.C.S. § 9541 *et seq.* Appellant argues that the court reviewing the PCHA petition erred in refusing to hold an evidentiary hearing as this court ordered. We agree, and therefore reverse and remand for hearing.[1]

Appellant's first PCHA and appellate counsel was granted leave to withdraw as counsel. Appellant's second PCHA counsel then filed a petition in this court requesting that we remand for an evidentiary hearing on appellant's claim that first PCHA and appellate counsel was ineffective. The petition stated in part

that there are facts and circumstances that support his allegations that he was denied effective assistance of counsel with respect to his Post Conviction Hearing counsel's appeal filed on his behalf, and he believes that counsel's brief was grossly deficient, [and that] his position therein was prejudiced.

Petition for Remand for Evidentiary Hearing, para. 12. This court, per BROSKY, J., issued the following order:

AND NOW, this 3rd day of November 1982, [u]pon consideration of appellant's Petition for Remand for Evidentiary Hearing on ineffective assistance of counsel claim, said petition is granted and, accordingly, the case is hereby remanded. This court does not retain jurisdiction.

On remand, the PCHA court recognized that this court had remanded for an evidentiary hearing, slip op. at 2, but nonetheless did not hold such a hearing, instead ordering that appellant file specific reasons for relief, and eventually denying any relief on the ground that appellant's response to its order for specificity was untimely, unverified, and the reasons alleged were "frivolous and ha[d] no support in the record," slip op. at 3–4. The PCHA court cited *Commonwealth v. Pettus*, 492 Pa. 558, 424 A.2d 1332 (1981), in support of its position that it had "a right, if not a duty,

1. Appellant makes other arguments, but we need not address them.

[under the Post Conviction Hearing Act] to request specific grounds" for the allegations in the petition. Slip op. at 3.

■ *Pettus* is not on point. It held that remand is not appropriate where petitioner only alleges boiler-plate reasons why counsel was ineffective. *Cf. Commonwealth v. Brown,* 313 Pa.Super. 256, 459 A.2d 837 (1983). Here, the correctness of the remand order was not before the PCHA court.[2] While a PCHA court in the first instance has the authority to order further specificity of the allegations, Pa.R.Crim.P. 1502(c), the PCHA court here was not in the position of reviewing the allegations of the PCHA petition until after this court's order remanding the case for an evidentiary hearing.

■ "It [is] the duty of the court below, on remand, to comply strictly with our mandate...." *Commonwealth v. Tick, Inc.,* 431 Pa. 420, 425, 246 A.2d 424, 426 (1968). "A lower court is without power to modify, alter, amend, set aside or in any manner disturb or depart from the judgment of the reviewing court as to any matter decided on appeal." *Haefele v. Davis,* 380 Pa. 94, 98, 110 A.2d 233, 235 (1955). *See also Commonwealth v. Romberger,* 474 Pa. 190, 378 A.2d 283 (1977); *Drew v. Laber,* 277 Pa.Super. 419, 419 A.2d 1216 (1980).

Order reversed and case remanded for an evidentiary hearing.

Jurisdiction is relinquished.

CIRILLO, J., files a dissenting opinion.

**2.** The dissent discusses the proposition that a remand is inappropriate where claims of ineffectiveness of counsel are clearly devoid of merit. Relying on the first opinion of the PCHA court and a review of the record, the dissent determines that appellate counsel was not ineffective. We note that our court did not reach the merits of the PCHA court's first order denying relief but instead, remanded for an evidentiary hearing. This order was not challenged as erroneous by the Commonwealth.

CIRILLO, Judge:

I must dissent from the majority's disposition of this appeal, because I find it to be in contravention of the law on remands of PCHA petitions.

In *Commonwealth v. Clemmons*, 505 Pa. 356, 479 A.2d 955 (1984), our Supreme Court recently said that "where it is clear that allegations of ineffectiveness of counsel are baseless or meritless then an evidentiary hearing is unnecessary and the unfounded allegations should be rejected and dismissed." *Id.*, 505 Pa. at 361, 479 A.2d at 957. The record in this case demonstrates that appellant's claims of ineffectiveness of his first appellate counsel, who filed the original amended PCHA petition, are baseless and meritless.

Our Supreme Court and this Court have said repeatedly, in the growing plethora of ineffective assistance of counsel cases, that a petitioner must show arguable merit to his claim of counsel's ineffectiveness; that counsel is not ineffective if his chosen strategy had some reasonable basis meant to protect his client's interests; that he is ineffective only if there was no reasonable basis for the course taken; that counsel is not ineffective for not pursuing baseless claims; and that we will not evaluate counsel's effectiveness by hindsight, presuming ineffectiveness simply because the particular strategy failed. *Commonwealth v. Brinkley*, 505 Pa. 462, 480 A.2d 980 (1984); *Clemmons, supra; Commonwealth v. Anderson*, 501 Pa. 275, 461 A.2d 208 (1983); *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967); *Commonwealth v. Garrity*, 331 Pa.Super. 475, 480 A.2d 1133 (1984); *Commonwealth v. Davis*, 331 Pa.Super. 285, 480 A.2d 1035 (1984).

The amended PCHA petition filed by first appellate counsel, whose effectiveness is challenged here, alleged three grounds of trial counsel's ineffectiveness: 1) failure to present a defense; 2) failure to file post-trial motions; and 3) failure to appeal. The issue before us is first appellate counsel's effectiveness in filing this petition. That determi-

nation, however, requires an examination of trial counsel's conduct of the case, so that we may ascertain first appellate counsel's adequacy in raising these three claims, and decide what other grounds of trial counsel's ineffectiveness first appellate counsel should have raised, if any.

In its opinion denying this petition, the hearing court noted that trial counsel's strategy was to attack the credibility of the Commonwealth's main witness. That witness was appellant's former co-defendant, who had pled guilty to charges relating to the instant prosecution and agreed to testify against appellant. In exchange for his plea and testimony, this witness was to enter a drug treatment facility rather than receive a traditional criminal sanction. A witness's bias against a defendant or "deal" with the prosecution is proper grounds for impeachment. *See Commonwealth v. Fulton*, 318 Pa.Super. 470, 465 A.2d 650 (1983); *Commonwealth v. Baston*, 242 Pa.Super. 98, 363 A.2d 1178 (1976). Here, however, the witness's testimony was corroborated by physical evidence.

First appellate counsel thus made a valid attack on trial counsel's strategy: the lack of a defense here was an arguable ground for trial counsel's ineffectiveness. However, first appellate counsel is not ineffective simply because the PCHA court rejected this claim of trial counsel's ineffectiveness and found that that counsel had a reasonable basis for his defense strategy.

Similarly, first appellate counsel is not ineffective because the hearing court rejected the ineffectiveness claims based on trial counsel's failure to file post-trial motions and to appeal. As the hearing court pointed out, appellant was aware of his post-trial rights and retained his trial counsel through sentencing. The court also noted that appellant was uncooperative with trial counsel regarding the handling of post-trial matters. Appellant's self-serving statements now to the contrary do not render trial counsel ineffective. In turn, while the handling of post-trial matters may be grounds for an appellate-level claim of trial counsel's ineffectiveness, appellate counsel is not ineffective wherever

the court finds that such a claim is meritless, or that trial counsel had a reasonable basis for his handling of those matters.

In conclusion, I cannot say that first appellate counsel had "no reasonable basis" for his conduct of the instant petition so as to justify finding him ineffective. He raised valid issues regarding trial counsel's actions, specifically, trial counsel's non-presentation of a defense and his treatment of post-trial matters. That the hearing court did not agree with first appellate counsel's arguments on these issues is no proof of his ineffectiveness, and I see in the record no other grounds for an ineffective trial counsel claim which were overlooked by first appellate counsel.

The majority notes that I reach the merits of appellant's allegations of ineffective assistance of counsel, although the precise question presented in this appeal is whether the Court of Common Pleas was obliged to obey our earlier order remanding for an evidentiary hearing on appellant's petition. As a matter of general law, it may be true that "the duty of the court below, on remand, [is] to comply strictly with our mandate...." *Commonwealth v. Tick, Inc.*, 431 Pa. 420, 425, 246 A.2d 424, 426 (1968) (quoted by the majority). However, that general rule does not relieve a PCHA petitioner of his own duty to allege *specific* facts and circumstances which, if proven, would validate his claim for relief. The burden of pleading and proving claims for post-conviction relief remained on appellant. *See Commonwealth v. Owens*, 321 Pa.Super. 122, 467 A.2d 1159 (1983). That burden was not met by appellant's refusal to comply with the intended hearing court's request for specificity. I reach the merits of the instant case simply to observe that appellant possibly did not allege specific grounds for relief because he could not: the present record in this case gives adequate evidence of both trial and appellate counsel's effectiveness.

I make one final observation on the majority's decision to remand again. The Post-Conviction Hearing Act is intended to safeguard a criminal defendant's right to the effective

assistance of counsel. Our review of ineffectiveness claims is nonetheless limited, as discussed above. Counsel is not ineffective for failing to take baseless or meritless action, nor is he ineffective for having taken action which was ultimately unsuccessful. In remanding for an evidentiary hearing on ineffectiveness, this Court has ignored the evidence of effectiveness which is already in the record, contrary to *Clemmons, supra,* and has disregarded the law on the PCHA petitioner's burden of pleading and proving, contrary to *Owens, supra.* As a result, the PCHA is transformed into a procedural labyrinth, so that each succeeding determination adverse to a defendant requires a full-blown examination of that counsel's competence.

I cannot agree with such a misuse of the Act. Appellant has had his day in court; several, in fact. The Sixth Amendment guarantees a criminal defendant the effective assistance of counsel; it does not promise him the aid of a miracleworker. Appellant herein has had that assistance, from both trial and appellate counsel.

I would affirm the hearing court's denial of appellant's petition for post-conviction relief.