**[J-3-2023] [MO: Wecht, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| PENNSYLVANIA STATE POLICE, | : | No. 44 MAP 2022 |
| | : | |
| Appellee | : | Appeal from the Order of the |
| | : | Commonwealth Court at No. 1066 |
| | : | CD 2017 dated November 17, 2021 |
| v. | : | Vacating the Determination of the |
| | : | Office of Open Records at No. AP |
| | : | 2017-0593 dated July 7, 2017 and |
| AMERICAN CIVIL LIBERTIES UNION OF | : | Remanding. |
| PENNSYLVANIA, | : | |
| | : | ARGUED:  March 7, 2023 |
| Appellant | : | |

**DISSENTING OPINION**

**JUSTICE MUNDY**                                          **DECIDED:  August 22, 2023**

In this case, the Commonwealth Court, acting as the ultimate fact-finder under the Right-to-Know Law ("RTKL"),[1] was tasked with determining whether the Pennsylvania State Police ("PSP") properly denied the American Civil Liberties Union's ("ACLU") request to disclose its AR 6-9 regulation, which sets forth PSP's policies and procedures for PSP personnel when using social media monitoring software.  Following specific direction from this Court, the Commonwealth Court remanded this case to the Office of Open Records ("OOR") for further development of the record  so that the court could fully and adequately perform that duty.  There is no dispute that the Commonwealth Court possessed the discretionary authority to develop the record – in fact, this Court explicitly emphasized as much when we first remanded this case. Unlike the majority, I see no abuse of discretion in the Commonwealth Court's action and would affirm its decision.

---

[1] Act of Feb. 14, 2008, P.L. 6 No. 3, 65 P.S. §§ 67.101-67.3104.

I begin where this Court last left off, which is critical to the issue before us today. The Commonwealth Court initially held that PSP satisfied its burden of establishing the public safety exception to the RTKL[2] through the affidavit of Major Douglas J. Burig, the Director of PSP's Bureau of Criminal Investigations. *Pa. State Police v. ACLU of Pa.*, 1066 C.D. 2017, 2018 WL 2272597 (Pa. Cmwlth. May 18, 2018) ("*PSP I*"). On appeal, this Court then vacated the Commonwealth Court's order because the court did not conduct *in camera* review of AR 6-9. *ACLU of Pa. v. Pa. State Police*, 232 A.3d 654, 670-71 (Pa. 2020) ("*PSP II*"). Specifically, this Court held that the Commonwealth Court abused its discretion for "overturning OOR's reasoned decision without conducting an equally careful inquiry[,]" and criticized the Commonwealth Court for "unnecessarily den[ying] itself the opportunity to conduct the fact-finding that the RTKL asks of it." *Id*. Remanding for further proceedings, this Court provided the following instruction:

> But because the Commonwealth Court is the ultimate finder of fact under the RTKL, it would be inappropriate for us to step into its place. On remand, the court at a minimum should compare the [Burig] Affidavit to the provisions of the unredacted Policy that the Affidavit describes. **In keeping with its authority under the RTKL, the court also retains discretion to further develop the record.**

*Id*. at 671 (emphasis added).

Upon remand, the Commonwealth Court conducted the "equally careful inquiry" and fact-finding that this Court asked of it – it reviewed the document *in camera* and concluded that further development of the record was necessary to determine whether the document was exempt from disclosure. *Pa. State Police v. ACLU of Pa.*, 1066 C.D. 2017, 2021 WL 5356532 (Pa Cmwlth. Nov. 17, 2021) ("*PSP III*"). Now, according to the

---

[2] The public safety exception is defined for purposes relevant here as: "A record maintained by an agency in connection with . . . law enforcement or other public safety activity that, if disclosed, would be reasonably likely to jeopardize or threaten public safety or preparedness or public protection activity[.]" 65 P.S. § 67.708(b)(2).

majority, declining to review the document *in camera* was insufficient fact-finding and an abuse of discretion, but seeking a clearer record was too much fact-finding and also an abuse of discretion. The breadth of a fact-finder's discretion cannot be so narrow. It is confounding that the majority deems it an abuse of discretion for the Commonwealth Court to follow the instructions we provided. Indeed, it was "the duty of [the Commonwealth Court], on remand, to comply strictly with our mandate[.]" *Commonwealth v Tick, Inc.*, 246 A.2d 424, 426 (Pa. 1968). The Commonwealth Court was required to, and did, "proceed in a manner consistent with the views expressed in our opinion and in accordance with the terms of the statute[.]" *Id*.

The tension between the Commonwealth Court's commitment to this Court's directives from *PSP II* and the majority's decision today is apparent. I cannot see how the Commonwealth Court abused its discretion by doing exactly what this Court told it to do – a point that the majority fails to meaningfully address. It is with that backdrop in mind that I turn to the majority's analysis. It is well-settled that an abuse of discretion is not merely an error of judgment. The Commonwealth Court acting as "[t]he first reviewing court, exercising *de novo* review with a plenary scope of review, will abuse its discretion only when it overrides or misapplies the law; exercises manifestly unreasonable judgment; or manifests partiality, bias, or ill will." *PSP II*, 232 A.3d at 665. According to the majority, such an abuse occurred here "because [the Commonwealth Court's] decision had no basis in the text and structure of the RTKL, nor in the record, and because it exceeded its limited power to act *sua sponte*." Maj. Op., at 9. I do not agree.

First, the Commonwealth Court's decision was squarely based in the text and structure of the RTKL. In *Bowling v. OOR*, 75 A.3d 453 (Pa. 2013) ("*Bowling II*"),[3] this

---

[3] The majority references *Bowling v. OOR*, 990 A.2d 813 (Pa. Cmwlth. 2010) throughout its opinion. For simplicity, I will refer to that case as *Bowling I* and this Court's decision on appeal from that case as *Bowling II*.

Court analyzed the RTKL in order to define the role of Chapter 13 courts and their scope of review.[4]  Most importantly for the present issue, we held that "Chapter 13 courts serve as fact-finders, [and so] these courts **must be able to expand the record – or direct that it be expanded by the mechanism of remand to the appeals officer – as needed to fulfill their statutory function.**"  *Id*. at 476 (emphasis added).  In defining that statutory function, we noted that, "the duty of an appeals officer or a Chapter 13 court is simply to determine whether the underlying agency correctly denied a requester access to a document under one of the statutory exceptions."  *Id*. at 467; *see also*, *PSP II*, 232 A.3d at 664 (recognizing that *Bowling II* "identif[ied] the reviewing court as the ultimate finder of fact and grant[ed] it plenary authority to expand the record beyond that developed before OOR[.]").  Here, the Commonwealth Court, acting as the ultimate fact-finder, concluded that further development of the record was necessary in order to determine whether the PSP correctly denied access to AR 6-9 based upon the public safety exception.  Specifically, the court required a fuller understanding of "the nature and degree of the risks [PSP] claim[ed were] inherent in the potential disclosure of the contents of AR 6-9."  *PSP III*, at *5.  The decision to remand and expand the record was precisely in line with the Commonwealth Court's role within the RTKL as defined by this Court in *Bowling II*.

In fact, the majority concedes that the Commonwealth Court has properly exercised its authority to remand in a wide variety of circumstances, including "when there [are] outstanding questions of fact[.]"  Maj. Op. at 9-10.  However, according to the

---

[4] "Chapter 13 court" is the title given to the courts that review a RTKL decision of an OOR appeal officer, which are "the Commonwealth Court when the matter arises from a determination made by a Commonwealth agency, or to the court of common pleas when the matter arises from a determination made by a local agency."  *Bowling II*, 75 A.3d at 458.  The name is a reference to the chapter of the RTKL in which the courts' duties are discussed.  65 P.S. §§ 67.1301-1302.  Here, the Commonwealth Court was the Chapter 13 court, as the matter arose from a determination made by a Commonwealth agency.

majority, "the Commonwealth Court in this instance identified no outstanding questions of law or fact" and "answered the ultimate question on a record that was 'sufficient for judicial review[.]'". *Id*. at 11-12 (quoting *Bowling I*, 990 A.2d at 822). This conclusion is flawed. This Court has held that while the RTKL grants "wide discretion with respect to procedure, there appears to be little 'discretion' concerning whether a document may or may not be released to a requester[; e]ither the document falls under one of the specific exemptions, or it is a document that must be released." *Bowling II*, 75 A.3d at 467. As such, "the RTKL contemplates that the foundational question of whether a record or document is exempt from disclosure is a factual one." *Id*. at 476. Contrary to the majority's conclusion, the Commonwealth Court here *did* identify an outstanding question of fact, i.e. whether there was a connection between the text of the document and risks articulated in the agency's affidavit. *PSP III*, 2021 WL 5356532, at *5 ("the affidavit is insufficient to connect the text of AR 6-9 with the risks [Burig] articulates;" "because additional development of the record is necessary, we conclude that PSP should be given a further opportunity to explain the nature and degree of the risks[.]"). Similarly, the Commonwealth Court never answered the ultimate question whether the PSP correctly denied the request based on the public safety exception, but merely concluded that it needed more information to make that determination. *Id*. It is clear that, unlike the Commonwealth Court, the majority deems the record "sufficient for judicial review." Maj. Op. at 12 (quoting *Bowling I*, 990 A.2d at 822). However, a mere disagreement does not rise to an abuse of discretion. *See, Morrison v. Com., Dept. of Public Welfare*, 646 A.2d 565, 571 (Pa. 1994) ("an abuse of discretion occurs not merely when the trial court reaches a decision contrary to the decision that the appellate court would have reached.").

Further, the majority's conclusion that the Commonwealth Court's remand undercuts the RTKL's aims is incorrect. *See* Maj. Op. at 12. I fully recognize that "various

provisions of the RTKL demonstrate an intent for an expedited determination of RTKL requests." *Id*. (quoting *Levy v. Senate of Pa.*, 65 A.3d 361, 381 (Pa. 2013)). However, focusing exclusively on expediency does not give effect to the statute as a whole, which is designed to provide expedient transparency of *non-exempt* records. Allowing the reviewing court to conduct additional fact finding does not frustrate the goal of the RTKL, but rather, helps the reviewing court to give effect to the entire statute, including its exceptions. I emphasize again: "the duty of . . . a Chapter 13 court is simply to determine whether the underlying agency correctly denied a requester access to a document under one of the statutory exceptions." *Bowling II*, 75 A.3d at 467. I find the majority's push for expediency particularly troublesome in a case, as here, where the agency raises a credible claim under the public safety exception. Where the potential risk is jeopardizing public safety, I would err on the side of caution and favor careful consideration rather than expediency.[5]

The majority is also incorrect that the Commonwealth Court's remand was akin to *sua sponte* review and somehow relieved the PSP of its burden of proof. I am particularly troubled by this assertion where the issue of further development of the record was specifically directed by this court in our remand. *See*, *PSP II*, 232 A.3d at 670-71 ("The Commonwealth Court unnecessarily denied itself the opportunity to conduct the fact-finding that the RTKL asks of it. . . . In keeping with its authority under the RTKL, the court also retains the discretion to further develop the record.").[6] But that aside, the

---

[5] Nevertheless, it is irrelevant that one jurist may favor expediency while another would favor diligence. At this juncture, the sole question is whether the Commonwealth Court abused its discretion in weighing of these dynamic goals of the RTKL.

[6] I also note that there was no time when the PSP realistically would have seen the need to request further fact-finding within this case's unique procedural history. Further, neither the RTKL nor our precedent suggest that the Commonwealth Court's ability to expand the record is dependent upon a request from a party.

Commonwealth Court today did not *sua sponte* assess a new exception to the RTKL and remand for fact-finding. Following our directive, the Commonwealth Court properly assessed the issue before it – whether the document at issue satisfied the public safety exception – and concluded that further development of the record on that issue was necessary. Notably, when this Court interpreted the RTKL's provisions in *Bowling II* and concluded that chapter 13 courts are permitted to seek further development of the record, that ability "to expand the record" was not premised upon the request of a party. *Bowling II*, 75 A.3d at 476. In fact, in *Bowling*, the remand for supplementation of the record was never at the behest of a party, but an assessment by the Commonwealth Court that such supplementation was necessary to resolve the questions before it. *Bowling I*, 990 A.2d at 825. Along the same lines, the Commonwealth Court in no way relieved the PSP of its burden to prove that the exception applies. Although PSP has maintained that the affidavit alone is sufficient to meet its burden, the Commonwealth Court (again, acting as the ultimate fact-finder) concluded that to make a final determination it needed further development of one key fact – i.e. the nexus between the risks advised in the affidavit and the text of the document. On remand, it would remain PSP's burden to establish by a preponderance of the evidence that disclosure of the document risks public safety.

In light of the above, I dissent. Unlike the majority, I believe the Commonwealth Court acted reasonably and well within its discretion in remanding for further development of the record. Their authority to do so derived from this Court's bestowal of broad fact-finding discretion pursuant to the text and structure of the RTKL in *Bowling II*. I fully recognize that such discretion is not unfettered, however the Commonwealth Court's decision here did not override or misapply the law. Their decision was particularly reasonable given this Court's guidance in *PSP II*. The majority's decision today cannot

be reconciled with the fact that the Commonwealth Court did exactly what this Court authorized it to do. As such, I would affirm the Commonwealth Court's order.[7]

Justice Brobson joins this dissenting opinion.

---

[7] As a final note, even accepting the majority's conclusion, I find it inappropriate for this Court to order the Commonwealth Court to order disclosure of AR 6-9. The present issue is not whether the document must be disclosed, but whether the Commonwealth Court appropriately sought further fact-finding. Assuming *arguendo* that the Commonwealth Court erred, the proper course of action would be to remand to the Commonwealth Court to make a final determination based upon the record as it currently exists. The majority suggests that there "is no longer an *outstanding* factual question." MO at 16 n. 72. However, as discussed *supra*, nowhere within the Commonwealth Court's decision did it definitively conclude whether this document was exempt from disclosure. *PSP III*, at *5 (concluding that the record was "insufficient to allow [the court] to determine whether disclosure of all provisions of AR 6-9 would provide specific tactical information that could reasonably be expected to aid criminals in evading detection from illegal activities."). As this Court previously held, "because the Commonwealth Court is the ultimate finder of fact under the RTKL, it would be inappropriate for us to step into its place." *PSP II*, 232 A.3d at 671.